UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GEORGE J. CASSELL,
　　　　　*Defendant-Appellant.*

No. 01-4761

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-14)

Submitted: March 13, 2002

Decided: April 3, 2002

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George J. Cassell appeals the judgment of conviction and sentence following his guilty plea to distribution of crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and possession of a firearm as an unlawful user and addict of a controlled substance under 18 U.S.C.A. § 922(g) (West 2000). Cassell's attorney noted a timely appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit presented by this appeal. Nonetheless, counsel asserted in the *Anders* brief that the district court abused its discretion in declining to depart downward pursuant to *United States Sentencing Guidelines Manual* § 3E1.1 (2000) for acceptance of responsibility. Cassell has filed a supplemental pro se brief asserting: (1) the district court lacked subject matter jurisdiction to enhance his sentence pursuant to USSG § 2K2.1(b)(1)(E); and (2) he received ineffective assistance of counsel at sentencing after he signed the plea agreement.

The Government has moved to dismiss the appeal based on a waiver provision in Cassell's plea agreement. We grant the motion to dismiss based on the appellate waiver as to all claims except for the ineffective assistance of counsel claim. Because Cassell's ineffective assistance of counsel claims do not plainly appear on the face of the record, we dismiss as to those claims for that reason. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991).

We have reviewed Cassell's plea agreement and the Rule 11 colloquy and find that Cassell knowingly and intelligently waived his right to appeal. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). We therefore find Cassell waived his right to appeal the district court's denial of a downward departure under USSG § 3E1.1 for acceptance of responsibility, and the issue raised in Cassell's pro se brief that the district court lacked subject matter jurisdiction to enhance Cassell's sentence pursuant to USSG § 2K2.1(b)(1)(E). Accordingly, we grant the Government's motion to dismiss the appeal on these two issues.

As for Cassell's claim of ineffective assistance, claims of ineffective assistance of counsel are generally not cognizable on direct

appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. Our thorough review of the present record does not conclusively reveal establish ineffective assistance of counsel. We therefore dismiss the appeal as to those claims.

Accordingly, we grant the Government's motion to dismiss Cassell's claims validly waived in his plea agreement and dismiss as to his ineffective assistance of counsel claims because they do not conclusively appear on the face of the record. As required by *Anders*, we have independently reviewed the entire record and conclude that there are no non-frivolous grounds for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*